# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:17-CV-014-DCK

| | |
|---|---|
| NORMAN WAYCASTER, | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 16) and Defendant's "Motion For Summary Judgment" (Document No. 18). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's "Motion For Summary Judgment" (Document No. 16) be <u>denied</u>; that Defendant's "Motion For Summary Judgment" (Document No. 18) be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I.  BACKGROUND

Plaintiff Norman Waycaster ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On September 12, 2013, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, <u>and</u> for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning August 30, 2012. (Transcript of the Record of Proceedings ("Tr.") 14, 187, 193). The Commissioner of Social Security (the

"Commissioner" or "Defendant") denied Plaintiff's application initially on November 27, 2013, and again after reconsideration on March 3, 2014. (Tr. 14, 96, 108, 118, 126). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work.
> It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 118).

Plaintiff filed a timely written request for a hearing on March 31, 2014. (Tr. 14, 136). On November 6, 2015, Plaintiff appeared and testified at a hearing before Administrative Law Judge Wendell M. Sims (the "ALJ"). (Tr. 14, 28-49). In addition, G. Roy Sumpter, a vocational expert ("VE"), and Lindsey Robison, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on December 21, 2015, denying Plaintiff's claim. (Tr. 11-23). On January 5, 2016, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on November 14, 2016. (Tr. 1-3, 9). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on January 16, 2017. (Document No. 1). On May 2, 2017, the parties filed a "Joint Stipulation Of Consent To Exercise Jurisdiction By A United States Magistrate Judge," and the case was reassigned to the undersigned Magistrate Judge. (Document No. 11).

Plaintiff's "Motion For Summary Judgment" (Document No. 16) and "Plaintiff's Memorandum Of Law In Support Of A Motion For Summary Judgment Pursuant To Fed. R. Civ. P. 56" (Document No. 17) were filed June 9, 2017; and Defendant's "Motion For Summary Judgment" (Document No. 18) and "Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 19) were filed July 24, 2017. Plaintiff declined to file a reply brief, and the time to do so has lapsed. See Local Rule 7.2(e).

On February 7, 2018, this matter was scheduled for a hearing on March 28, 2018, and the parties were directed to make a good faith attempt to narrow or resolve the pending issues. (Document No. 26). The parties filed a "Joint Notice" on March 16, 2018, informing the Court that "the parties have agreed to limit the issue solely to the ALJ's weighing of the opinion of treating physician Richard W. Evans, M.D." (Document No. 27, p.1).

The pending motions are now ripe for review and disposition. After further review of this case, the undersigned will cancel the scheduled hearing and issue this decision.

## II.  STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir.

2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between August 30, 2012, and the date of his decision.[1] (Tr. 14). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 22-23).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since August 30, 2012, his alleged disability onset date. (Tr. 16). At the second step, the ALJ found that rheumatoid arthritis, diabetes mellitus, history of cancer, history of DVT, obesity,

obstructive sleep apnea, and hypertension were severe impairments.[2]  (Tr. 16).  At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 17).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light work activity, with the following limitations:

> He can occasionally climb ladders and he needs to avoid even moderate exposure to hazardous machinery and unprotected heights.

(Tr. 17-18).  In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." (Tr. 18).

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work as a stocker and pallet builder.  (Tr. 22).  At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform.  Id.  Specifically, the ALJ noted that the VE testified that according to the factors given by the ALJ, occupations Plaintiff could perform included a storage facility rental clerk, final inspector of small items, and an assembler of small items.  (Tr. 23); see also (Tr. 46-49). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage.  See Bowen v. Yuckert, 482 U.S. 137 (1987).

Security Act, at any time between August 30, 2012, and the date of his decision, December 21, 2015. (Tr. 23).

Plaintiff on appeal to this Court made the following assignments of error: (1) the ALJ's RFC determination is not supported by substantial evidence because he failed to properly weigh the opinion of Richard W. Evans, M.D. ("Dr. Evans"), and failed to discuss and weigh the opinion of the state agency medical consultant, Bertron Haywood, M.D. ("Dr. Haywood"); and (2) the ALJ's Step 5 determination is unsupported by substantial evidence. (Document No. 17, p.6). As noted above, the parties have recently agreed that the only issue before the Court is whether the ALJ properly weighed the opinion of treating physician Dr. Evans. (Document No. 27).

**Dr. Evans' Opinion**

Plaintiff contends that the ALJ erred by "failing to assign controlling weight or at least significant weight to the supported opinion of Plaintiff's treating physician, rheumatologist Richard W. Evans, M.D." (Document No. 17, p.1) (citing Tr. 371-373). "This opinion should have received much more reflection in the RFC." Id.

Plaintiff acknowledges that the ALJ discussed Dr. Evans' opinion, but still argues that the ALJ should have given greater weight to his opinion. (Document No. 17, pp.7-9) (citing Tr. 21). Plaintiff notes that he was treated by Dr. Evans for seven (7) years for rheumatoid arthritis, and that he was on a variety of medications to manage his pain. (Document No. 17, pp.8-9).

In response, Defendant argues that a treating physician's opinion can only be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence" in the case record. (Document No. 19, pp.5-6) (quoting 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2)). Defendant further argues that Dr. Evans presented no relevant evidence to support his opinion and that his

7

extremely limited estimations "mean that Plaintiff would have to lie down for the remaining 3 to 5 hours out of every 8 hours – which not even Plaintiff claims in this case." (Document No. 19, p.6) (citing Tr. 371-372). Defendant concludes that Dr. Evans' degree of limitation is not consistent with the overall evidence of record. Id. (citing Tr. 21). Defendant effectively notes the following from Dr. Evans' treatment records:

> On May 10, 2013, Plaintiff rated the pain in his feet and ankles as 3/10 (Tr. 345). Even when Dr. Evans observed Plaintiff's tenderness and swelling in multiple joints and described RA as "inadequately controlled" on July 19, 2013, Plaintiff rated his pain at only 5/10 (Tr. 332). Dr. Evans adjusted Plaintiff's medications, and by September 2013, rheumatology laboratory tests were within normal limits (Tr. 290). At the office visit on February 14, 2014, (the same date he completed the opinion at issue), Dr. Evans noted that Plaintiff complained of pain at a level 3/10 (Tr. 533). Plaintiff had previously noted improvement with increased medication, but then a flare-up occurred when he ran out of one of his medications (Tr. 533). His condition stabilized upon resuming all medications (Tr. 533). Upon examination the same day he completed the opinion at issue, Dr. Evans documented only "mild" swelling and tenderness in various joints (Tr. 534). These minimal objective findings simply do not warrant the extreme limitations Dr. Evans propounded in his opinion.

Id.

Defendant also notes that while Plaintiff testified he could lift 20 to 30 pounds, Dr. Evans estimated he could only lift 10 pounds. (Document No. 19, p.6) (citing Tr. 21, 39).

The undersigned finds Defendant's argument persuasive, and is not convinced there is any cause for reversal or remand of the ALJ's decision. The undersigned notes that the ALJ decision includes the following analysis:

> As for the opinion evidence, Richard W. Evans, M.D. with Asheville VA completed a residual functional capacity assessment on February 14, 2014. The claimant was diagnosed with rheumatoid arthritis with symptoms of frequent multiple joint pain and fatigue. Dr. Evans noted that the claimant had **no major side effects from his rheumatoid medication that would impact his capacity for**

**work**. The claimant had the ability to sit for 60 minutes at a time two hours total in an eight-hour workday and stand and/or walk five to 30 minutes at a time, one to three hours total in an eight-hour workday. The claimant would need a job that permitted shifting positions at will from sitting, standing or walking with the need to take unscheduled breaks every one-half hour for one to two minutes. The claimant could occasionally lift and/or carry ten pounds. He would have limitations in repetitive reaching, handling or fingering. The claimant would likely be absent from work as a result of his impairments three or four times a month. Dr. Evans noted that the claimant would be capable of working an eight-hour day, five days a week if he had control over the work environment with exertional sedentary work and frequent breaks. However, Dr. Evans opined that realistically in today's employment environment, the claimant would not be capable of work (Exhibit 4F).

The undersigned has considered the assessments and opinion of Dr. Evans; however, notes that the degree of limitations is not consistent with the overall evidence. The claimant testified at the hearing that he could lift 20 to 30 pounds. While **the undersigned has not ignored the opinion of Dr. Evans** and has considered the limitations in the residual functional capacity outlined above, **the undersigned notes that whether an individual is "disabled" or "unable to work" is a decision reserved to the Commissioner** (SSR 96-5p).

In sum, the above residual functional capacity assessment is supported by the objective medical evidence.

(Tr. 21) (emphasis added).

In addition, the undersigned observes that the ALJ decision thoroughly addresses the medical record in this case, including numerous findings by Dr. Evans and his colleagues at the Asheville VA Medical Center. See (Tr. 18-21) (citing Tr. 253-353, 354-365, 366-369, 370-373, 410-570, 573-575, 576-675, 776-824). The ALJ also cites to appointments and treatment with other medical clinics. See (Tr. 18-21) (internal citations omitted).

Out of all the evidence of record, the crux of Plaintiff's claim is that the ALJ should have given more weight to a two-page, fill-in-the blank and check-the-box, "Residual Functional Capacity Questionnaire" completed by Dr. Evans. See (371-373). Based on careful review of the

ALJ decision and Defendant's arguments, the undersigned respectfully disagrees. It is ultimately the ALJ's responsibility to assess RFC and determine if Plaintiff is legally disabled.

The undersigned commends the parties for working to narrow the issues in this case, which helped expedite a decision. See (Document No. 27). The Court is aware of Plaintiff's other arguments, and is confident that even if they were not waived, the result here would be the same.

## IV.    CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned finds that the Commissioner's decision should be affirmed.

**IT IS, THEREFORE, ORDERED** that: Plaintiff's "Motion For Summary Judgment" (Document No. 16) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 18) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

**IT IS FURTHER ORDERED** that the hearing scheduled for **March 28, 2018** on the pending motions is hereby **CANCELLED**.

**SO ORDERED**.

Signed: March 21, 2018

David C. Keesler
United States Magistrate Judge